**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JARED RANDALL CARTER,** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO. 5:23-cv-403 (MTT)** |
| | ) | |
| **TYRONE OLIVER,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**ORDER**

Pro se Petitioner Jared Randall Carter filed this 28 U.S.C. § 2254 petition and
raises four grounds for federal habeas relief, challenging his conviction for various
crimes following a jury trial in April 2021.  Docs. 1; 10.  Respondent moves to dismiss
the petition arguing Carter failed to exhaust his claims in state court as to all four
grounds.  Doc. 13.  Only Carter's first ground for relief, which could be interpreted as
challenging the sufficiency of the evidence, may have been properly exhausted.[1]
United States Magistrate Judge Amelia G. Helmick recommends that Carter be given
two options: (1) dismiss the unexhausted claims and proceed solely on the exhausted
claim, or (2) dismiss the entire petition to pursue his unexhausted claims in state court,
subject to the risk of the statute of limitations barring a future federal habeas petition.

---

[1] Grounds two through four of Carter's federal habeas petition have not been exhausted because they
were not raised in the Supreme Court of Georgia on direct appeal, and Carter did not file a state habeas
petition.  These grounds include trial counsel's alleged failure to properly redact a video of Carter's
testimony, allegations of constitutional violations by State of Georgia representatives, and Carter's claim
that the indictment was illegal.

Doc. 27 at 1.  There are no objections, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.

Carter was convicted of malice murder, felony murder, aggravated assault, and possession of a knife during the commission of a felony, following a jury trial in April 2021.  Doc. 15-2.  His convictions were affirmed by the Supreme Court of Georgia on November 29, 2022.[2]  *Carter v. State*, 315 Ga. 214, 215 n.1 (2022).  Carter filed his federal habeas petition on October 5, 2023, and amended his petition on December 15, 2023, raising four grounds for relief.  Docs. 1; 10.  Only ground one, the sufficiency of the evidence, may have been properly exhausted.[3]  The Magistrate Judge recommends that Carter either dismiss his unexhausted claims and proceed solely on one ground or dismiss the entire petition and return to state court to pursue his unexhausted claims.  Doc. 27 at 8.  Although dismissal without prejudice would render any subsequent federal habeas petition untimely, the Magistrate Judge concluded that a stay is inappropriate because Carter has not shown good cause for failing to exhaust his unexhausted claims.  *Id.*; *see Rhines v. Weber*, 544 U.S. 269, 278 (2005).  The Court agrees.

---

[2] Carter raised three enumerations of error on direct appeal: (1) the evidence was insufficient to convict him of the offenses; (2) trial counsel was ineffective for failing to object to hearsay evidence; and (3) out-of-court statements of the deceased victim were improperly admitted into evidence.

[3] When a federal habeas petition is "mixed" because it contains both exhausted and unexhausted claims, "the district court ordinarily must either dismiss the petition ... or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim."  *Thomas v. Macon SP Warden*, 2024 WL 1092510, at *2 (11th Cir. Mar. 13, 2024) (quoting *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007)) (alteration in original).  A district court should stay, rather than dismiss, a mixed habeas petition containing exhausted and unexhausted claims if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see* also Davis v. Sellers, 940 F.3d 1175 (11th Cir. 2019).  "[I]f ... the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."  *Rhines*, 544 U.S. at 278; *Thompson v. Sec'y for Dep't of Corr.*, 425 F.3d 1364, 1366 (11th Cir. 2005).

Accordingly, after review, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 27) is **ADOPTED** and made the Order of the Court.  It is hereby **ORDERED** that within **THIRTY DAYS** of the entry of this Order, Carter shall either move to:

1) Amend his petition (a) to dismiss the unexhausted claims (grounds two through four) and proceed solely on the exhausted claim (ground one), and (b) also explain why he believes the Supreme Court of Georgia's ruling on the sufficiency of the evidence was erroneous.  Carter should be aware that if he chooses this option, he would likely be barred from raising the dismissed claims in a future federal habeas petition.[4]

**OR**

2) Dismiss the entire petition and return to state court to pursue his unexhausted claims.  Carter is cautioned that, should he choose this option, any future federal habeas petition would likely be time-barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Finally, failure to fully and timely comply with this Order may result in the dismissal of this petition.  *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[5]

---

[4] To avoid the time bar, Carter would need to establish that extraordinary circumstances prevented him from filing a timely petition and that he exercised diligence in pursuing his remedies.  The Court cannot and does not give any opinion regarding whether Carter would be able to establish either element.

[5] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Respondent's motion to dismiss (Doc. 13) is **DENIED WITHOUT PREJUDICE** to his rights to raise any exhaustion defense in the future should it be necessary after Carter responds to this Order.

**SO ORDERED**, this 13th day of September, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT